UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JEFFREY BOLTON

              Plaintiff,

                                        Case No. 2:25-cv-11748

v.

                                        Hon. Robert J. White

CARDINAL HEALTH., INC, a
Delaware for profit corporation, and
CARDINAL HEALTH 110, LLC, a
Delaware for profit limited liability
company

              Defendants.

---

| | |
|---|---|
| RAYMOND J. CAREY & ASSOCIATES, PLLC | JACKSON LEWIS P.C. |
| Raymond J. Carey (P33266) | Katherine J. Van Dyke (P62806) |
| Attorneys for Plaintiff | Benjamin D. Wu (P85635) |
| 30500 Northwestern Highway, Suite 425 | Attorneys for Defendants |
| Farmington Hills, Michigan 48334 | 2000 Town Center, Suite 1650 |
| (248) 865-0001 | Southfield, Michigan 48075 |
| rcarey@work-lawyers.com | (248) 936-1900 |
| | katherine.vandyke@jacksonlewis.com |
| | benjamin.wu@jacksonlewis.com |

---

## DEFENDANTS' ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND RELIANCE UPON JURY DEMAND

Defendants Cardinal Health., Inc and Cardinal Health 110 LLC ("Defendants"), for their Answer to Plaintiff's Complaint and Affirmative Defenses, state as follows:

1.      Plaintiff Jeffrey Bolton brings this action against Defendant for: discrimination based on age and retaliation for protected activity in violation of the

Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. §§621, *et seq.,* and Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), M.C.L.A. §§37.2201, *et seq.;* discrimination based on sex and retaliation for protected activity in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§2000e, *et seq.,* and the ELCRA. These claims are premised on the adverse terms and conditions of Plaintiff's former employment with Defendant after it acquired Plaintiff's former employer and the circumstances leading up to and including the discriminatory and retaliatory demotions of Plaintiff, denials of opportunities for Plaintiff to be promoted, imposition of an unwarranted performance improvement plan on Plaintiff, and Defendant's termination of Plaintiff's employment relationship with it, effective August 11, 2023.

**ANSWER: Defendants admit only that Plaintiff asserts claims under the ADEA, ELCRA, and Title VII of the Civil Rights Act which arise out of his employment with Defendants and denies anything inconsistent with the foregoing. Answering further, Defendants deny that Plaintiff was ever employed by Cardinal Health, Inc. and further deny that they violated the law with respect to Plaintiff.**

## PARTIES

2.      Plaintiff Jeffrey Bolton resides in the City of Walled Lake, in Oakland County, State of Michigan.

**ANSWER: Defendants neither admit nor deny the allegations in Paragraph 2 for lack of information or knowledge sufficient to form a belief as to the truth of the allegations, and therefore, leave Plaintiff to his proofs.**

3.      Defendant Cardinal Health, Inc., is a for-profit corporation organized under the laws of the State of Delaware with corporate offices in Dublin Ohio, but which also has offices and operations in Livonia, County of Wayne, Michigan.

**ANSWER: Defendants admit only that Cardinal Health, Inc. is a for-profit corporation organized under the laws of the State of Delaware with corporate offices in Dublin, Ohio, but Defendants deny that Cardinal Health, Inc. maintains any offices or operations in Livonia, Michigan.**

4.      Defendant Cardinal Health 110, LLC, is a for-profit limited liability company organized under the laws of the State of Delaware with corporate offices in Dublin Ohio, but which also has offices and operations in Livonia, County of Wayne, Michigan.

**ANSWER: Defendants admit the allegations in Paragraph 4.**

5.      Plaintiff had been employed by Defendant in various capacities between September, 2014, and August 11, 2023, at its operations in Livonia, Michigan, providing technical information technology support, among his other duties and responsibilities, for Defendant's Warehouse Management System ("WMS") at pharmaceutical distributions centers in Indianapolis, Indiana, and Memphis, Tennessee.

**ANSWER: Defendants admit only that Plaintiff was employed by Cardinal Health 110, LLC from September 2014 until his termination on August 11, 2023 and last held the title of Sr Engineer, Application Development and Maintenance. Answering further, Defendants deny that Plaintiff was ever employed by Cardinal Health, Inc. and further deny anything inconsistent with the foregoing.**

## JURISDICTION AND VENUE

6.      The amount in controversy exceeds $25,000 exclusive of interest and costs.

3

**ANSWER:** **Defendants neither admit nor deny the allegations in Paragraph 6 as they state a legal conclusion to which no response is required. Answering further, Defendants deny any inference or allegation that they are liable to Plaintiff or that Plaintiff is entitled to any damages.**

7.     Plaintiff filed a Charge of Discrimination with the EEOC on June 6, 2024, asserting claims against Defendant for discrimination based on age in violation of the ADEA and national origin, religion, and sex and retaliation in violation of Title VII.

**ANSWER:** **Defendants admit only that on June 9, 2024, Plaintiff filed a Charge of Discrimination with the EEOC, naming Cardinal Health, and asserting claims of discrimination based on age, sex, national origin, and religious beliefs and in retaliation for his requests for accommodation for his religious beliefs and deny anything inconsistent with the foregoing.**

8.     Plaintiff's Charge of Discrimination was filed within the 300-day period after August 11, 2023, when his employment was wrongfully terminated by Defendant.

**ANSWER:** **Defendants deny the allegations in Paragraph 8.**

9.     The EEOC issued a Notice of Suit Rights to Plaintiff with respect to the above referenced Charge of Discrimination on February 12, 2025, and Plaintiff is filing this Complaint to include claims for discrimination based on age in violation of the ADEA and religion and sex and retaliation in violation of Title VII within the requisite 90-day period after he received the Notice.

**ANSWER:** **Defendants admit only that Plaintiff's Complaint asserts claims of age discrimination and retaliation under the ADEA and sex discrimination and retaliation under Title VII and deny anything inconsistent with the foregoing.**

10.     This Court has subject matter jurisdiction over Plaintiff's claims under and pursuant to MCLA §600.605 and MCLA § 37.2801.

**ANSWER:  Defendants neither admit nor deny the allegations in Paragraph 10 as they state a legal conclusion to which no response is required.**

11.     This Court has personal jurisdiction over Plaintiff because he resides in Oakland County, Michigan.

**ANSWER:  Defendants neither admit nor deny the allegations in Paragraph 11 as they state a legal conclusion to which no response is required.**

12.     This Court has personal jurisdiction over Defendant because it maintains offices, engages in regular and systematic business and other activities in Wayne County, Michigan.

**ANSWER:  Defendants neither admit nor deny the allegations in Paragraph 11 as they state a legal conclusion to which no response is required.**

13.     This Court has personal jurisdiction over Defendant because the acts attributed to Defendant that give rise to Plaintiff's claims occurred and adversely affected him within Wayne County, Michigan.

**ANSWER:  Defendants neither admit nor deny the allegations in Paragraph 11 as they state a legal conclusion to which no response is required.**

14.     Venue is proper in this Circuit Court pursuant to MCLA §600.1621 and MCLA §37.2801 and because Defendant is located within Wayne County, Michigan, and the acts and omissions attributed to Defendant that give rise to Plaintiff's claims occurred within Wayne County, Michigan.

**ANSWER:  Defendants neither admit nor deny the allegations in Paragraph 11 as they state a legal conclusion to which no response is required.**

15.     Venue also is convenient in this judicial district.

**ANSWER: Defendants neither admit nor deny the allegations in Paragraph 11**

**as they state a legal conclusion to which no response is required.**

## STATEMENT OF FACTS

16.    Mr. Bolton currently is a 60-old Caucasian American male who was born on November 20, 1965.

**ANSWER: Defendants neither admit nor deny the allegations in Paragraph 16**

**for lack of information or knowledge sufficient to form a belief as to the truth**

**of the allegations, and therefore, leave Plaintiff to his proofs.**

17.    Mr. Bolton was employed by The Harvard Drug Group ("HDG"), LLC, between 2005 and 2006 as an Operations Systems supervisor and was recruited by HDG for and commenced reemployment with HDG on September 29, 2014, in the role of Director Warehouse Management Systems, a position that was primarily remote and had required limited travel for work related responsibilities.

**ANSWER: Defendants neither admit nor deny the allegations in Paragraph 17**

**for lack of information or knowledge sufficient to form a belief as to the truth**

**of the allegations, and therefore, leave Plaintiff to his proofs.**

18.    At the time when Mr. Bolton commenced employment with HDG, it had been the second largest generics-focused pharmaceutical distributor in the United States; had manufactured and supplied generic and supplied branded pharmaceuticals to over 6,000 retail customers, which had included independent, regional and national pharmacies; and had serviced institutional clients, such as, hospital central-purchasing agents, long-term-care facilities, and government clients through its "Major" label of generic drugs.

**ANSWER:  Defendants neither admit nor deny the allegations in Paragraph 18 for lack of information or knowledge sufficient to form a belief as to the truth of the allegations, and therefore, leave Plaintiff to his proofs.**

19.    Mr. Bolton was well qualified for his position as HDG's WMS Director since he had extensive education and training and job experience since 1997 related to pharmaceutical WMS, transportation management systems, supply chain logistics, and software and related electronic technologies pertaining to these matters.

**ANSWER:  Defendants neither admit nor deny the allegations in Paragraph 19 for lack of information or knowledge sufficient to form a belief as to the truth of the allegations, and therefore, leave Plaintiff to his proofs.**

20.    Ms. Bolton successfully performed the duties and responsibilities of his position as HDG's WMS Director throughout his employment by HDG.

**ANSWER:  Defendants neither admit nor deny the allegations in Paragraph 20 for lack of information or knowledge sufficient to form a belief as to the truth of the allegations, and therefore, leave Plaintiff to his proofs.**

21.    As HDG's WMS Director, Mr. Bolton reported to HDG's Chief Information Officer ("CIO") and successfully: maintained, enhanced, managed, configured, and oversaw all aspects of HDG's warehouse system; oversaw and collaborated with cross-functional team members and internal and external stakeholders which included domestic and international customers and suppliers; and provided leadership and management with respect to WMS system design and configuration, warehouse configuration, WMS system enhancement, WMS customer programming and development with outside vendors, WMS system and operations performance reporting, WMS bug fixes and troubleshooting, WMS end user training, warehouse product slotting, and 24/7/365 full WMS system support.

**ANSWER:  Defendants neither admit nor deny the allegations in Paragraph 21**

**for lack of information or knowledge sufficient to form a belief as to the truth**

**of the allegations, and therefore, leave Plaintiff to his proofs.**

22.    Mr. Bolton also supervised 2 employees and multiple contractors as HDG's WMS Director.

**ANSWER:  Defendants neither admit nor deny the allegations in Paragraph 22**

**for lack of information or knowledge sufficient to form a belief as to the truth**

**of the allegations, and therefore, leave Plaintiff to his proofs.**

23.    Throughout Mr. Bolton's employment with HDG, Mr. Bolton had performed the duties and responsibilities of his job positions in a more than satisfactory or effective manner, this had been reflected in the evaluations of his job performance, he had received annual bonuses because of his more than satisfactory or effective job performance, and he had not been subjected to discipline, warnings, performance discussions, coaching of any kind ostensibly, or a performance improvement plan ("PIP") due to poor performance or misconduct of any kind.

**ANSWER:  Defendants neither admit nor deny the allegations in Paragraph 23**

**for lack of information or knowledge sufficient to form a belief as to the truth**

**of the allegations, and therefore, leave Plaintiff to his proofs.**

24.    On July 5, 2015, Defendant acquired HDG.

**ANSWER:  Defendants deny the allegations in Paragraph 24 in the form and**

**manner stated.**

25.    Mr. Bolton had continued to successfully perform the duties and responsibilities of his position as WMS Director and supervised 2 employees and the various contractors after Defendant's acquisition of HDS.

**ANSWER: Defendants neither admit nor deny the allegations in Paragraph 25 for lack of information or knowledge sufficient to form a belief as to the truth of the allegations, and therefore, leave Plaintiff to his proofs.**

26. Despite his proficiency as HDG's WMS Director, Defendant wrongfully demoted Mr. Bolton during 2017 to a role as Manager, Application Development and Maintenance ("ADM"), in conjunction with Defendant's scheme to force the retirements or employment terminations of former HDG employees and to replace them with employees who were younger, female, and/or otherwise did not share their protected characteristics.

**ANSWER: Defendants admit only that at the time of Cardinal Health's acquisition of Harvard Drug Group, Plaintiff's title was changed to be level with Cardinal Health's existing positions, but his compensation and job responsibilities remained the same. Answering further, Defendants deny the remaining allegations.**

27. Although he had been wrongfully demoted to an ADM manager role, Mr. Bolton had still been expected and continued to successfully perform the duties and responsibilities of his former director position and supervised 2 employees and the various contractors, and reported to Mr. Matt Endress, Defendant's Vice President for Warehouse Systems, between 2017 and 2019.

**ANSWER: Defendants admit only that at the time of Cardinal Health's acquisition of Harvard Drug Group, Plaintiff's title was changed to be level with Cardinal Health's existing positions and that his compensation and job responsibilities were unchanged. Answering further, Defendants deny the remaining allegations.**

28.     In mid-2019, Defendant hired a woman named Allison who was approximately 30 years old as an ADM Director without having given Mr. Bolton the opportunity to be considered for the position although he was amply qualified for the position since he had been wrongfully demoted from the role, he would have been the most qualified candidate had he been considered for it, and Allison was not qualified and demonstrated her lack of qualifications for it after she was hired.

**ANSWER: Defendants admit only that on June 1, 2020, Cardinal Health 110, LLC hired Allison Sutley as a Director of Software Engineering. Answering further, Defendants deny the remaining allegations, including any inference that Plaintiff applied for the open position. Defendants further state that Sutley was forty-six years old at the time of her hire.**

29.     Although Allison had been hired as an ADM director, Mr. Bolton had still been expected and continued to successfully perform the duties and responsibilities of his former director position and supervised 2 employees and the various contractors because she had been assigned responsibilities in the role that had differed from those that Mr. Bolton had performed in the role.

**ANSWER:  Defendants deny the allegations in Paragraph 29.**

30.     Allison committed many errors in her role as an ADM director which Mr. Bolton had been required to correct and had significantly increased his workload.

**ANSWER:  Defendants deny the allegations in Paragraph 30.**

31.     Allison terminated employment as an ADM director after approximately 4 months of employment because she was not qualified and had demonstrated her lack of qualifications for the role.

**ANSWER:  Defendants deny the allegations in Paragraph 31.**

32.     Although he had been wrongfully demoted to an ADM manager role, Mr. Bolton had still been expected and continued to successfully perform the duties and responsibilities of his former director position and supervised 2 employees and

the various contractors before and after Allison's employment as ADM director terminated and he was not given the opportunity to be considered for the ADM director position after Allison's removal although he was amply qualified for it and had been responsible for correcting the errors Allison had committed.

**ANSWER:** **Defendants deny the allegations in Paragraph 32.**

33.    The ADM director role remained vacant for several months thereafter until Mr. Tim Gabel, who was 35 years the time, was hired for or promoted to the role.

**ANSWER:** **Defendants deny the allegations in Paragraph 33.**

34.    Defendant hired or promoted Mr. Gabel to the ADM director role without having given Mr. Bolton the opportunity to be considered for the position although he was amply qualified for the position since he had been wrongfully demoted from the role, he would have been the most qualified candidate had he been considered for it, and Mr. Gabel had significantly less experience and qualifications for the ADM director role than Mr. Bolton.

**ANSWER:** **Defendants deny the allegations in Paragraph 34, including any**

**allegation that Plaintiff ever applied for the role filled by Gabel.**

35.    Despite having been wrongfully again denied consideration for the ADM director role, Mr. Bolton had still been expected and continued to successfully perform the duties and responsibilities of his former director position, supervised 2 employees and the various contractors, and reported to Mr. Endress after Mr. Gabel assumed the ADM director role.

**ANSWER:** **Defendants deny the allegations in Paragraph 35.**

36.    The COVID-19 pandemic erupted in March, 2020.

**ANSWER:** **Defendants admit the allegations in Paragraph 36.**

37.    In August, 2021, Defendant mandated that all of its employees be vaccinated with the then newly developed COVID 19 vaccine by December 6, 2021.

**ANSWER: Defendants admit only that in August 2021, Defendants adopted a COVID-19 vaccine policy that required certain employees to become vaccinated, and which provided for exemptions and accommodations depending in part on individual employees' job duties, and deny anything inconsistent with the foregoing.**

38.     Although Mr. Bolton's job was remote, he had still been subjected to Defendant's COVID 19 vaccine mandate.

**ANSWER: Defendants admit only that travel was identified an essential function of Plaintiff's position and therefore Plaintiff was subject to the COVID-19 vaccine policy and deny anything inconsistent with the foregoing.**

39.     Receipt of the COVID 19 vaccination would have violated Mr. Bolton's sincerely held religious beliefs, practices, and observances.

**ANSWER: Defendants neither admit nor deny the allegations in Paragraph 39 as they call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny that they violated any law with respect to Plaintiff.**

40.     During the period between August and November, 2021, Mr. Endress and Defendant's human resources representatives had continually pressured Mr. Bolton to report on his COVID 19 vaccination status and threatened him with employment termination if he did not get vaccinated by December 6, 2021.

**ANSWER: Defendants deny the allegations in Paragraph 40.**

41.     During the period between August and November 30, 2021, Mr. Bolton exercised his right to seek an exemption from Defendant's vaccine mandate as an accommodation for his sincerely held religious beliefs, practices, and observances.

**ANSWER:  Defendants admit only that on or about October 20, 2021, Plaintiff submitted a request for religious accommodation from Cardinal Health's COVID-19 vaccine policy and deny anything inconsistent with the foregoing.**

42.     During the period after Mr. Bolton had requested the accommodation for his sincerely held religious beliefs, practices, and observances, Mr. Endress and Defendant's other management and human resources representatives continually pressured him to report on his vaccination status and threatened him with employment termination if he did not get vaccinated by December 6, 2021.

**ANSWER:  Defendants deny the allegations in Paragraph 42.**

43.     Mr. Bolton's accommodation request had been denied by Defendant's Human Resources representatives after they had previously advised Mr. Bolton's managers and supervisors and others about his requested accommodations, and Mr. Endress informed him that his employment was to have been terminated as a consequence and he was to have been contacted by Defendant's Human Resources representatives to effectuate him employment termination.

**ANSWER:  Defendants admit only that Plaintiff's request for religious accommodation was denied because travel was an essential function of Plaintiff's job and deny anything inconsistent with the foregoing.**

44.     Defendant rescinded its vaccine mandate on or about November 29, 2021, and Defendants refrained from terminating Mr. Bolton's employment at the time.

**ANSWER:  Defendants admit only that after Cardinal Health 110, LLC lifted its travel restriction policy for unvaccinated employees, Plaintiff's request for religious accommodation was granted and deny anything inconsistent with the foregoing.**

45.    In December, 2021, Defendant hired or promoted Ms. Shrivani Marwaha, an Asian woman of Indian national origin who was in her 30s, as a ADM manager to whom Mr. Bolton was to have reported although he had the same title as her at the time and without having given Mr. Bolton the opportunity to be considered for the position although he was amply qualified for the position since he had been wrongfully demoted from the role, he would have been the most qualified candidate had he been considered for it, and Ms. Marwaha had significantly less experience and qualifications for the ADM manager role than Mr. Bolton.

**ANSWER: Defendants admit only that on or about June 7, 2021, Shrivani Marwaha, who was initially hired on or about March 18, 2013 as part of an acquisition, was reclassified and her title changed to Manager, Application Development and Maintenance and that Marwaha was thirty-eight years old at the time. Answering further, Ms. Marwaha was promoted to Director, App Development and Maintenance on or about June 6, 2022. Answering further, Defendants deny anything inconsistent with the foregoing and further deny that Defendants violated any law with respect to Plaintiff.**

46.    Despite having been wrongfully denied consideration for the ADM manager role for which Ms. Marwaha had been selected, Mr. Bolton had still been expected and continued to successfully perform the duties and responsibilities of his former director position, supervised the various contractors, and initially had continued to report to Mr. Endress after Ms. Marwaha assumed the ADM manager role.

**ANSWER: Defendants deny the allegations in Paragraph 46.**

47.    In December, 2021, Mr. Bolton was notified by Mr. Endress that his job had been reclassified and he had been demoted again this time to an ADM senior engineer role reporting to Ms. Marwaha and which resulted in a diminution in the amount of annual bonus for which he previously had been eligible although Mr. Bolton had still been expected and continued to successfully perform the duties and

14

responsibilities of his former director position and supervised 2 employees and the various contractors.

**ANSWER:  Defendants deny the allegations in Paragraph 47.**

48.     Mr. Bolton was told by Mr. Endress that he had been demoted because of the previous selection of Ms. Marwaha for the ADM manager role for which Mr. Bolton had been denied consideration, there could be only one ADM manager, he could not have continued to report to her as a peer had he been allowed to retain his ADM manager role, and the demotion purportedly was to have been good for his career.

**ANSWER:  Defendants deny the allegations in Paragraph 48.**

49.     Despite having been wrongfully demoted and denied consideration for the ADM manager role, Mr. Bolton had still been expected and continued to successfully perform the duties and responsibilities of his former director position and supervised 2 employees and the various contractors after Ms. Marwaha assumed the ADM manager role.

**ANSWER: Defendants deny the allegations in Paragraph 49.**

50.     Mr. Bolton had been replaced by Ms. Marwaha as an ADM manager and then demoted in December, 2021, because Mr. Bolton's age and sex and in retaliation for Mr. Bolton's religious objections to and request for accommodation from Defendant's COVID 19 vaccine mandate.

**ANSWER:  Defendants deny the allegations in Paragraph 50.**

51.     Mr. Bolton complained to Mr. Endress in December, 2021, that his wrongful demotion to the ADM senior engineer role, the selection of Ms. Marwaha for the ADM manager role, and the failure to have been considered for the ADM manager and director roles was indicative of discrimination against him based on his age and sex and retaliation against Mr. Bolton for his religious objections to and request for accommodation from Defendant's COVID 19 vaccine mandate.

**ANSWER:  Defendants deny the allegations in Paragraph 51.**

52.     Although Mr. Bolton may not have expressly accused Mr. Endress of discrimination against him based on his age, religious beliefs, and sex and retaliation

against Mr. Bolton for his religious objections to and request for accommodation from Defendant's COVID 19 vaccine mandate, Mr. Endress had understood and reasonably should have understood from the context that Mr. Bolton had objected to his wrongful demotion to the ADM senior engineer role, the selection of Ms: Marwaha for the ADM manager role, and the failure to have been considered for the ADM manager and director roles because it was indicative of such discrimination and retaliation against him since:

  a) Mr. Endress had made and/or participated in the decisions to demote Mr. Bolton to the ADM senior engineer role, to refuse consideration of him for the ADM manager and director roles, and to select Ms. Marwaha for the ADM manager role and Allison and Mr. Gabel for ADM director roles;

  b) Mr. Bolton is a man who was more than twenty years older than Ms. Marwaha who had been less qualified than Mr. Bolton, but whom had been selected for the ADM manager role;

  c) Mr. Bolton is a man who was more than twenty years older than Allison and Mr. Gabel who had been less qualified than Mr. Bolton, but whom had been selected for ADM director roles;

  d) Mr. Endress had notice of Mr. Bolton's previously asserted religious objections to and request for accommodation from Defendant's COVID 19 vaccine mandate; and

  e) Mr. Endress had anticipated that the demotions of Mr. Bolton and refusals to consider him for the ADM director and manager roles would have precipitated his resignation or retirement.

**ANSWER:  Defendants deny the allegations in Paragraph 52.**


53.     Mr. Endress advised Mr. Gabel, Ms. Marwaha, and Defendant's higher management and human resources representatives about Mr. Bolton's complaint.

**ANSWER:  Defendants deny the allegations in Paragraph 53.**

54.     Ms. Marwaha had been retained in the ADM manager role for until only February, 2022.

**ANSWER:  Defendants admit only that Plaintiff reported to Shivani Marwaha**

**from December 6, 2021 until June 5, 2022, and that on or about June 6, 2022,**

16

she was promoted to Director, App Development and Maintenance. Answering

further, Defendants deny anything inconsistent with the foregoing.

55.     Mr. Bolton as ADM Senior Engineer then reported to Mr. Gabel until September, 2022.

**ANSWER:** **Defendants admit only that Plaintiff reported to Tim Gabel from**

**June 6, 2022 until September 25, 2022 and deny anything inconsistent with the**

**foregoing.**

56.     Despite having been wrongfully denied consideration for the ADM manager role, Mr. Bolton had still been expected and continued to successfully perform the duties and responsibilities of his former director position and supervised the various contractors after Ms. Marwaha left the ADM manager role.

**ANSWER:** **Defendants deny the allegations in Paragraph 56.**

57.     In September, 2022, Ms. Tara Rissmeyer, who was approximately 30 years old at the time, was hired or promoted to the ADM manager role.

**ANSWER:** **Defendants admit only that Plaintiff began reporting to Tara**

**Rissmeyer on or about September 26, 2022 and deny anything inconsistent with**

**the foregoing.**

58.     Defendant hired or promoted Ms. Rissmeyer to the ADM manager role without having given Mr. Bolton the opportunity to be considered for the position although he was amply qualified for the position since he had been wrongfully demoted from the role, he would have been the most qualified candidate had he been considered for it, and Ms. Rissmeyer had significantly less experience and qualifications for the ADM manager role than Mr. Bolton.

**ANSWER:** **Defendants deny the allegations in Paragraph 58 and further**

**denies that Plaintiff ever applied for the role that Rissmeyer filled.**

59.     Despite having been wrongfully demoted to an ADM senior engineer role and denied consideration for ADM manager role, Mr. Bolton had still been expected and continued to successfully perform the duties and responsibilities of his former director position and supervised the various contractors although they ostensibly had been removed as his identified direct reports for administrative purposes after Ms. Rissmeyer became the ADM manager.

**ANSWER: Defendants deny the allegations in Paragraph 59.**

60.     Mr. Bolton complained to Messrs. Endress and Gabel in September, 2022, that his wrongful demotion to the ADM senior engineer role, the selection of Ms. Rissmeyer for the ADM manager role, and the failure to be considered for the ADM manager and director roles was indicative of discrimination against him based on his age and sex and retaliation against Mr. Bolton for his previous complaints about age and sex discrimination and his religious objections to and request for accommodation from Defendant's COVTD 19 vaccine mandate.

**ANSWER: Defendants deny the allegations in Paragraph 60.**

61.     Although Mr. Bolton may not have expressly accused Messrs. Endress and Gabel of discrimination against him based on his age and sex and retaliation against Mr. Bolton for his previous complaints about age and sex discrimination and his religious objections to and request for accommodation from Defendant's COVID 19 vaccine mandate, they had understood and reasonably should have understood from the context that Mr. Bolton had objected to his wrongful demotion to the ADM senior engineer role, the selection of Ms. Rissmeyer for the ADM manager role, and the failure to be considered for the ADM manager and director roles because it was indicative of such discrimination and retaliation against him since:

      a)    Mr. Endress had made and/or participated in the decisions to demote Mr. Bolton to the ADM senior engineer role, to refuse consideration of him for the ADM manager and director roles, and to select Ms. Marwaha and Ms. Rissmeyer for the ADM manager roles and Allison and Mr. Gabel for ADM director roles;

      b)    Mr. Bolton is a man who was more than twenty years older than Ms. Marwaha and Ms. Rissmeyer who had been less qualified than Mr. Bolton, but whom had been selected for the ADM manager roles;

c)    Mr. Bolton is a man who was more than twenty years older than Allison and Mr. Gabel who had been less qualified than Mr. Bolton, but whom had been selected for ADM director roles;

d)    Mr. Endress had notice of Mr. Bolton's previously asserted religious objections to and request for accommodation from Defendant's COVID 19 vaccine mandate; and

e)    Mr. Endress had anticipated that the demotions of Mr. Bolton and refusals to consider him for the ADM director and manager roles would have precipitated his resignation or retirement.

**ANSWER: Defendants deny the allegations in Paragraph 61.**

62.    Mr. Endress advised Mr. Gabel, Ms. Rissmeyer, and Defendant's higher management and human resources representatives about Mr. Bolton's complaint.

**ANSWER: Defendants deny the allegations in Paragraph 62.**

63.    Throughout Mr. Bolton's employment with HDG and Cardinal after its acquisition of HDG, Mr. Bolton had performed the duties and responsibilities of his job positions in a more than satisfactory or effective manner, this had been reflected in the evaluations of his job performance, he had received annual bonuses because of his more than satisfactory or effective job performance, and he had not been subjected to discipline, warnings, performance discussions, coaching of any kind ostensibly, or a PIP due to poor performance or misconduct of any kind.

**ANSWER: Defendants neither admit nor deny the allegations in Paragraph 63 as they pertain to Plaintiff's employment with HDG for lack of information or knowledge sufficient to forma belief as to the truth of the allegations, and therefore, leave Plaintiff to his proofs. Answering further, Defendants deny the remaining allegations.**

64.    Despite this, Ms. Rissmeyer began to micromanage Mr. Bolton immediately after she became an ADM manager and Mr. Bolton's supervisor and she concocted false reasons to subject Mr. Bolton to discipline and a performance improvement plan ("PIP") because Ms. Rissmeyer, Messrs. Endress and Gabel, and Defendant's human resources and other management representatives had intended to

facilitate the involuntary termination of Mr. Bolton's employment or compel his resignation or retirement because of his age and sex and in retaliation for his complaints about discrimination based on his age and sex and his religious objections to and request for accommodation from Defendant's COVID 19 vaccine mandate.

**ANSWER: Defendants deny the allegations in Paragraph 64.**

65.     During the period between February and August, 2023, Ms. Rissmeyer wrongfully faulted Mr. Bolton and subjected him to a PIP for his justified refusal to engage in acts that would have been violative of government regulations applicable to pharmaceutical manufacturers and distributors and although he had not previously received notices or warnings about any alleged unsatisfactory job performance or a negative evaluation of his job performance which, among other criteria, were prerequisites for issuance of a PIP under Defendant's policies.

**ANSWER: Defendants deny the allegations in Paragraph 65.**

66.     During the period between February and August, 2023, Ms. Rissmeyer wrongfully faulted Mr. Bolton and subjected him to a PIP for ADM system non-compliance matters for which she or direct reports of hers other than Mr. Bolton had been responsible and although he had not previously received notices or warnings about any alleged unsatisfactory job performance or a negative evaluation of his job performance which, among other criteria, were prerequisites for issuance of a PIP under Defendant's policies.

**ANSWER: Defendants deny the allegations in Paragraph 66.**

67.     Many of the goals included in the PIP that Mr. Bolton was to have achieved were unreasonable and unachievable and/or could not have been timely and effectively achieved within the applicable time period contrary to standards governing issuance of a PIP under Defendant's policies.

**ANSWER: Defendants deny the allegations in Paragraph 67.**

68.     Mr. Bolton's complained to Ms. Rissmeyer, Messrs. Endress and Gabel, and Defendant's human resources representatives that: (a) the PIP was interfering with his ability to perform his duties as the lead associate in a very important Drug Supply Chain Security Act ("DSCSA") project to solidify the safety and security of the nation's pharmaceutical supply chain thus putting the safety and security of the

nation's drug supply in jeopardy; and (b) he had been wrongfully subjected to the PIP by Ms. Rissmeyer in disregard of Defendant's policies and that this was indicative of discrimination against him because of his age and sex and retaliation against him for his complaints about discrimination based on his age and sex and his religious objections to and request for accommodation from Defendant's COVID 19 vaccine mandate.

**ANSWER: Defendants deny the allegations in Paragraph 68.**

69.     Although Mr. Bolton may not have expressly accused Ms. Rissmeyer and Messrs. Endress and Gabel of discrimination against him based on his age and sex and retaliation against him for his complaints about discrimination based on his age and sex and his religious objections to and request for accommodation from Defendant's COVID 19 vaccine mandate, Ms. Rissmeyer, Messrs. Endress and Gabel, and Defendant's human resources and other management representatives had understood and reasonably should have understood from the context that Mr. Bolton had objected to issuance of the PIP to him because it was indicative of such discrimination and retaliation against him since:

a)      Ms. Rissmeyer, Messrs. Endress and Gabel, and Defendant's human resources representatives had made and/or participated in the decision to subject Mr. Bolton to the PIP;

b)      Mr. Bolton is a man who was more than twenty years older than Ms. Rissmeyer and Mr. Gabel and substantial older than Mr. Endress;

c)      Ms. Rissmeyer, Messrs. Endress and Gabel, and Defendant's human resources representatives had notice of Mr. Bolton's previously asserted complaints about discrimination against him based on age and sex and retaliation against him because of his complaints about discrimination against him based on age and sex and religious objections to and request for accommodation from Defendant's COVID 19 vaccine mandate; and

d)      Ms. Rissmeyer, Messrs. Endress and Gabel, and Defendant's human resources representatives had anticipated that subjecting Mr. Bolton to the PIP after having previously demoted him and refused to consider him for the ADM director and manager roles would have precipitated his resignation or retirement.

**ANSWER: Defendants deny the allegations in Paragraph 69.**

70.     Although Ms. Rissmeyer initially held bi-weekly meetings with Mr. Bolton concerning the PIP, Ms. Rissmeyer and Defendant's human resources representatives provided no support to Mr. Bolton that ostensibly should have been intended to facilitate his ability to achieve the objectives of the PIP during the period after Ms. Rissmeyer issued it to him.

**ANSWER : Defendants admits only that throughout the term of the PIP, Rissmeyer held biweekly meetings with Plaintiff to support Plaintiff in completing the items in the PIP and deny anything inconsistent with the foregoing.**

71.     Defendant reassigned Ms. Rissmeyer to a new role on July 5, 2023, and neither she nor Defendant's human resources representatives had conducted bi-weekly meetings with Mr. Bolton concerning the PIP since then.

**ANSWER: Defendants admit only that Rissmeyer transitioned to a different role in 2023 but maintained responsibility over Plaintiff's PIP and deny anything inconsistent with the foregoing.**

72.     Mr. Bolton timely satisfied all reasonable and achievable goals included in the PIP and had received no notice to the contrary at any time before August 11, 2023.

**ANSWER: Defendants deny the allegations in Paragraph 72.**

73.     Indeed, Mr. Gabel praised Mr. Bolton for his accomplishments and sent an organization-wide BRAVO award about his performance in July and August 2023.

**ANSWER: Defendants neither admit nor deny the allegations in Paragraph 73 for lack of information or knowledge sufficient to form a belief as to the truth of the allegations and leaves Plaintiff to his proofs.**

74.    Ms. Rissmeyer convened a meeting with Mr. Bolton on August 11, 2023, which Mr. Bolton previously had been told was to have pertained to the evaluation of his fiscal 2023 job performance for which he had met or exceeded all set objectives and to advise of him of his profit-sharing bonus that was to have been tendered to him in September, 2023.

**ANSWER: Defendants admit only that Rissmeyer met with Plaintiff on August 11, 2023 to discuss his job performance and denies anything inconsistent with the foregoing.**

75.    Instead, Ms. Rissmeyer notified Mr. Bolton on August 11, 2023, that his employment with Defendant had been terminated ostensibly because he had failed to satisfy the goals and objectives of the PIP although Mr. Bolton had timely satisfied all reasonable and achievable goals included in the PIP and he had met or exceeded all set objectives applicable to his fiscal 2023 job performance.

**ANSWER: Defendants admit only that Rissmeyer met with Plaintiff on August 11, 2023 to discuss his job performance and inform him that he was being terminated for failure to meet the requirements of the PIP and deny anything inconsistent with the foregoing.**

76.    Defendant thereafter replaced Mr. Bolton with a male or female employee who was approximately 30 years of age.

**ANSWER: Defendants admit only that Plaintiff's position was filled by a male employee and deny anything inconsistent with the foregoing.**

77.    Ms. Rissmeyer and other representatives of Defendant involved the decisions to subject Mr. Bolton to the unjustified PIP and terminate his employment unlawfully discriminated against him because of his age and sex and retaliated against him because of his complaints about discrimination based on his age and sex and his religious objections to and request for accommodation from Defendant's COVID 19 vaccine mandate.

**ANSWER:  Defendants deny the allegations in Paragraph 77.**

78.    Ms. Rissmeyer and other representatives of Defendant involved the decisions to subject Mr. Bolton to the unjustified PIP and terminate his employment did not abide by Defendant's policies pertaining to annual evaluation of fiscal year job performance, its PIP process, and performance based employment terminations when they imposed the unjustified PIP on Mr. Bolton, did not determine that he had timely satisfied the achievable goals and objectives of the PIP, did not extend the PIP, did not reassign or demote Mr. Bolton in lieu of employment termination had he not timely satisfied the achievable goals and objectives of the PIP, and terminated his employment because their intent when the unjustified PIP was imposed on him was to effectuate the termination of his employment because of his age and sex and in retaliation for his complaints about discrimination based on his age and sex and his religious objections to and request for accommodation from Defendant's COVID 19 vaccine mandate.

**ANSWER:  Defendants deny the allegations in Paragraph 78.**

79.    Ms. Rissmeyer and other representatives of Defendant involved the decisions to subject Mr. Bolton to the unjustified PIP and terminate his employment did not give due consideration to Mr. Bolton's history of more than satisfactory or effective job performance; his previous, unblemished disciplinary record; and the recognition he had routinely received for his dedication, hard work, and commitment as an employee of Defendant, including the BRAVO award about his performance that he had received in July and August 2023, when they imposed the unjustified PIP on Mr. Bolton, did not determine that he had timely satisfied the achievable goals and objectives of the PIP, did not extend the PIP, did not reassign or demote Mr. Bolton in lieu of employment termination had he not timely satisfied the achievable goals and objectives of the PIP, and terminated his employment because their intent when the unjustified PIP was imposed on him was to effectuate the termination of his employment because of his age and sex and in retaliation for his complaints about discrimination based on his age and sex and his religious objections to and request for accommodation from Defendant's COVID 19 vaccine mandate.

**ANSWER:  Defendants deny the allegations in Paragraph 79.**

80.    Ms. Rissmeyer and other representatives of Defendant involved the decisions to subject Mr. Bolton to the unjustified PIP and terminate his employment unlawfully treated Mr. Bolton differently than similarly situated younger and female employees and employees who did not share his religious beliefs whose then most

recent fiscal year annual job performance ratings had been satisfactory, effective, or worse, but who were not subjected to a PIP and/or whose employment was not terminated whether or not they had been subjected to a PIP.

**ANSWER: Defendants deny the allegations in Paragraph 80.**

81.     Defendant's purported reasons for the decisions to subject Mr. Bolton to the unjustified PIP and terminate his employment; the failures to abide by Defendant's policies and practices pertaining to evaluation of annual job performance, its PIP process, and performance based employment terminations; and the failures to provide Mr. Bolton with the guidance and support he may have needed to succeed and complete the achievable goals and objectives of the PIP, to extend the PIP, and/or to reassign or demote Mr. Bolton to another job position in lieu of employment termination are not true and are pretexts for discrimination against him because of his age and sex and retaliation against him for his complaints about discrimination based on his age and sex and his religious objections to and request for accommodation from Defendant's COVID 19 vaccine mandate.

**ANSWER: Defendants deny the allegations in Paragraph 81.**

## COUNT I
## VIOLATION OF THE ADEA – AGE DISCRIMINATION

82.     Plaintiff re-alleges and incorporates by reference each and every paragraph of this Complaint as if hereinafter re-iterated paragraph by paragraph.

**ANSWER:  Defendants incorporate by reference their answers to the preceding**

**paragraphs as if set forth fully herein.**

83.     At all times relevant, Plaintiff was an employee covered by and within the meaning of 29 U.S.C. §630 (f) and Defendant was his employer covered by and within the meaning of 29 U.S.C. §630 (b).

**ANSWER: Cardinal Health, Inc. denies the allegations in Paragraph 83.**

**Answering further, Cardinal Health 110, LLC admits only that it employed**

**Plaintiff for a period of time but denies that it violated any laws with respect to Plaintiff.**

84.    At all times relevant, Defendant was a "person" as this term is defined by 29 U.S.C. §630 (a) and Messrs. Endress and Gabel and Ms. Rissmeyer were agents of Defendant with respect to the terms and conditions of and the termination of Plaintiff's former employment with Defendant.

**<u>ANSWER</u>:  Defendants neither admit nor deny the allegations in Paragraph 84 as they state a legal conclusion to which no response is required. To the extent a response is required, Defendants admit only that Endress, Gabel, and Rissmeyer had supervisory authority over Plaintiff but deny that they violated any laws with respect to Plaintiff.**

85.    At all times relevant herein, under the ADEA and 29 U.S.C. § 623, Plaintiff had a right to employment with Defendant free from discrimination against him and interference with his rights based on his age.

**<u>ANSWER</u>:  Defendants neither admit nor deny the allegations in Paragraph 85 as they state a legal conclusion to which no response is required.**

86.    Defendant through its representatives illegally, maliciously, and wrongfully conspired with each other with the intent to and for the illegal purpose of discriminating against Plaintiff on account of his age and depriving Plaintiff of his rights under the ADEA.

**<u>ANSWER</u>:  Defendants deny the allegations in Paragraph 86.**

87.    Defendant through its representatives illegally, maliciously, and wrongfully conspired with each other with the intent to and for the illegal purpose of discriminating against Plaintiff on account of his age and depriving Plaintiff of his rights under the ADEA when they:

    a)    demoted him first to an ADM manager role and later to an ADM senior engineer role;

b)    refused to consider him for ADM director and manager roles for which employees who were between the ages of 30 and 35 were selected;

c)    refused to consider him for the ADM manger role for which Ms. Rissmeyer was selected in September, 2022;

d)    subjected Plaintiff to the PIP between February and August, 2023; and

e)    terminated Plaintiff's employment, effective August 11, 2023.

**ANSWER:  Defendants deny the allegations in Paragraph 87.**

88.    The discriminatory practices at issue were intentional and willful and were committed with malice or with reckless indifference to Plaintiffs rights and sensibilities.

**ANSWER:  Defendants deny the allegations in Paragraph 88.**

89.    As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has sustained damages, including, but not limited to, loss of past, present and future salary, bonuses, incentive compensation, and earning capacity; lost value of retirement benefits; loss of health care, retirement, 401(k), and other benefits; mental and emotional distress, anguish, and anxiety, humiliation and embarrassment; loss of the enjoyment of the ordinary pleasures of everyday life; and loss of the ability to pursue gainful employment of choice.

**ANSWER:  Defendants deny the allegations in Paragraph 89.**

## COUNT II
## VIOLATION OF THE ADEA – RETALIATION

90.    Plaintiff re-alleges and incorporates by reference each and every paragraph of this Complaint as if hereinafter re-iterated paragraph by paragraph.

**ANSWER:  Defendants incorporate by reference their answers to the preceding**

**paragraphs as if set forth fully herein.**

91.    At all times relevant, Plaintiff was an employee covered by and within the meaning of 29 U.S.C. §630 (f) and Defendant was his employer covered by and within the meaning of 29 U.S.C. §630 (b).

**ANSWER: Cardinal Health, Inc. denies the allegations in Paragraph 91. Answering further, Cardinal Health 110, LLC admits only that it employed Plaintiff for a period of time but denies that it violated any laws with respect to Plaintiff.**

92.     At all times relevant, Defendant was a "person" as this term is defined by 29 U.S.C. §630 (a) and Messrs. Endress and Gabel and Ms. Rissmeyer were agents of Defendant with respect to the terms and conditions of and the termination of Plaintiff's former employment with Defendant.

**ANSWER:  Defendants neither admit nor deny the allegations in Paragraph 92 as they state a legal conclusion to which no response is required. To the extent a response is required, Defendants admit only that Endress, Gabel, and Rissmeyer had supervisory authority over Plaintiff but deny that they violated any laws with respect to Plaintiff.**

93.     At all times relevant herein, under the ADEA and 29 U.S.C. § 623, Plaintiff had a right to employment with Defendant free from retaliation against him because he had engaged in activity protected by the ADEA, i.e., because he complained about or opposed violations of the ADEA.

**ANSWER:  Defendants neither admit nor deny the allegations in Paragraph 93 as they state a legal conclusion to which no response is required.**

94.     Plaintiff engaged in activity protected by the ADEA when he complained to Messrs. Endress that he had been wrongfully demoted and denied consideration for ADM manager and director roles, Messrs. Endress and Gabel that he had been wrongfully demoted and denied consideration for ADM manager roles for which Ms. Marwaha and Ms. Rissmeyer had been selected, and to Ms. Rissmeyer, Messrs. Endress and Gabel, and Defendant's human resources representatives that he had been wrongfully subjected to the PIP by Ms. Rissmeyer

in disregard of Defendant's policies and that each of these adverse actions was indicative of discrimination against him because of his age and sex and retaliation against him for his complaints about discrimination based on his age and sex and his religious objections to and request for accommodation from Defendant's COVTD 19 vaccine mandate.

**ANSWER:  Defendants deny the allegations in Paragraph 94.**

95.    Although Plaintiff may not have expressly accused Ms. Rissmeyer or Messrs. Endress and Gabel of discrimination against him based on his age and sex and retaliation against him for his complaints about discrimination based on his age and sex and his religious objections to and request for accommodation from Defendant's COVID 19 vaccine mandate, Ms. Rissmeyer, Messrs. Endress and Gabel, and Defendant's human resources representatives had understood and reasonably should have understood from the context that Plaintiff had objected to these adverse employment actions because these had been indicative of such discrimination and retaliation against him since:

a)    Ms. Rissmeyer, Messrs. Endress and Gabel, and/or Defendant's human resources representatives had made and/or participated in the various decisions to demote Mr. Bolton, deny him consideration for ADM manager and director positions, and subject him to the PIP, among other employment actions that had adversely affected Plaintiff;

b)    Mr. Bolton is a man who was more than twenty years older than Ms. Rissmeyer and Mr. Gabel and substantial older than Mr. Endress;

c)    Ms. Rissmeyer, Messrs. Endress and Gabel, and Defendant's human resources representatives had notice of Mr. Bolton's previously asserted complaints about discrimination against him based on age and sex and retaliation against him because of his complaints about discrimination against him based on age and sex and religious objections to and request for accommodation from Defendant's COV1D 19 vaccine mandate; and

d)    Ms. Rissmeyer, Messrs. Endress and Gabel, and Defendant's human resources representatives had anticipated that subjecting Plaintiff to the various employment actions that had adversely affected Plaintiff and the PTP would have precipitated his resignation or retirement.

**ANSWER:  Defendants deny the allegations in Paragraph 95.**

96.     Defendant through its representatives illegally, maliciously, and wrongfully conspired with each other with the intent to and for the illegal purpose of retaliating against Plaintiff because of his protect opposition activity and depriving Plaintiff of his rights under the ADEA.

**ANSWER: Defendants deny the allegations in Paragraph 96.**

97.     Defendant through its representatives illegally, maliciously, and wrongfully conspired with each other with the intent to and for the illegal purpose of retaliating against Plaintiff because of his protect opposition activity and depriving Plaintiff of his rights under the ADEA when they:

    a)    demoted him first to an ADM manager role and later to an ADM senior engineer role;

    b)    refused to consider him for ADM director and manager roles for which employees who were between the ages of 30 and 35 were selected;

    c)    refused to consider him for the ADM manger role for which Ms. Rissmeyer was selected in September, 2022;

    d)    subjected Plaintiff to the PIP between February and August, 2023; and

    e)    terminated Plaintiff's employment, effective August 11, 2023.

**ANSWER: Defendants deny the allegations in Paragraph 97.**

98.     The retaliatory practices at issue were intentional and willful and were committed with malice or with reckless indifference to Plaintiff's rights and sensibilities.

**ANSWER: Defendants deny the allegations in Paragraph 98.**

99.     As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has sustained damages, including, but not limited to, loss of past, present and future salary, bonuses, incentive compensation, and earning capacity; lost value of retirement benefits; loss of health care, retirement, 401(k), and other benefits; mental and emotional distress, anguish, and anxiety, humiliation and embarrassment; loss of the enjoyment of the ordinary pleasures of everyday life; and loss of the ability to pursue gainful employment of choice.

**ANSWER: Defendants deny the allegations in Paragraph 96.**

## COUNT III
## <u>VIOLATION OF TITLE VII – DISCRIMINATION BASED ON SEX</u>

100.   Plaintiff re-alleges and incorporates by reference each and every paragraph of this Complaint as if hereinafter re-iterated paragraph by paragraph.

**<u>ANSWER</u>:  Defendants incorporate by reference their answers to the preceding paragraphs as if set forth fully herein.**

101.   At all times relevant, Defendant was an "employer" of Plaintiff as this term is defined by 42 U.S.C. § 2000e(b), 2000e-2(a).

**<u>ANSWER</u>: Cardinal Health, Inc. denies the allegations in Paragraph 101. Answering further, Cardinal Health 110, LLC admits only that it employed Plaintiff for a period of time but denies that it violated any laws with respect to Plaintiff.**

102.   At all times relevant, Defendant was a "person" as this term is defined by 42 U.S.C. § 2000e(a) and Messrs. Endress and Gabel and Ms. Rissmeyer were agents of Defendant with respect to the terms and conditions of Plaintiff's former employment with Defendant and the termination of Plaintiffs former employment with Defendant.

**<u>ANSWER</u>: Defendants neither admit nor deny the allegations in Paragraph 102 as they state a legal conclusion to which no response is required. To the extent a response is required, Defendants admit only that Endress, Gabel, and Rissmeyer had supervisory authority over Plaintiff but deny that they violated any laws with respect to Plaintiff.**

103.   At all times relevant herein, under Title VII and 42 U.S.C. § 2000e-2(a), Plaintiff had a right to employment with Defendant free from discrimination against him based on his sex.

**ANSWER: Defendants neither admit nor deny the allegations in Paragraph 103 as they state a legal conclusion to which no response is required.**

104.    Defendant through its representatives illegally, maliciously, and wrongfully conspired with each other with the intent to and for the illegal purpose of discriminating against Plaintiff on account of his sex and depriving Plaintiff of his rights under Title VII.

**ANSWER:  Defendants deny the allegations in Paragraph 104.**

105.    Defendant by and through its representatives illegally, maliciously, and wrongfully conspired with each other with the intent to and for the illegal purpose of discriminating against Plaintiff because of his sex in violation of 42 U.S.C. § 2000e-2(a) and depriving Plaintiff of his rights under Title VII and discriminated against Plaintiff on account of his sex in violation of 42 U.S.C. § 2000e-2(a) when they:

   a)    demoted him first to an ADM manager role and later to an ADM senior engineer role;
   b)    refused to consider him for ADM director and manager roles for which employees who were between the ages of 30 and 35 were selected;
   c)    refused to consider him for the ADM manger role for which Ms. Rissmeyer was selected in September, 2022;
   d)    subjected Plaintiff to the PIP between February and August, 2023; and
   e)    terminated Plaintiff's employment, effective August 11, 2023.

**ANSWER:  Defendants deny the allegations in Paragraph 105.**

106.    The discriminatory practices at issue were intentional and willful and were committed with malice or with reckless indifference to Plaintiffs rights and sensibilities.

**ANSWER:  Defendants deny the allegations in Paragraph 106.**

107.    As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has sustained damages, including, but not limited to, loss of past, present and future salary, bonuses, incentive compensation, and earning capacity; lost value

of retirement benefits; loss of health care, retirement, 401(k), and other benefits; mental and emotional distress, anguish, and anxiety, humiliation and embarrassment; loss of the enjoyment of the ordinary pleasures of everyday life; and loss of the ability to pursue gainful employment of choice.

**ANSWER:  Defendants deny the allegations in Paragraph 107.**

## COUNT IV
## VIOLATION OF TITLE VII - RETALIATION/INTERFERENCE

108.   Plaintiff re-alleges and incorporates by reference each and every paragraph of this Complaint as if hereinafter re-iterated paragraph by paragraph.

**ANSWER:  Defendants incorporate by reference their answers to the preceding paragraphs as if set forth fully herein.**

109.   At all times relevant, Defendant was an "employer" of Plaintiff as this term is defined by 42 U.S.C. §§ 2000e(b), 2000e-2(a).

**ANSWER: Cardinal Health, Inc. denies the allegations in Paragraph 109. Answering further, Cardinal Health 110, LLC admits only that it employed Plaintiff for a period of time but denies that it violated any laws with respect to Plaintiff.**

110.   At all times relevant, Defendant was a "person" as this term is defined by 42 U.S.C. § 2000e(a) and Messrs. Endress and Gabel and Ms. Rissmeyer were agents of Defendant with respect to the terms and conditions of Plaintiff's former employment with Defendant and the termination of Plaintiff's former employment with Defendant.

**ANSWER: Cardinal Health, Inc. denies the allegations in Paragraph 110. Answering further, Cardinal Health 110, LLC admits only that it employed**

33

**Plaintiff for a period of time but denies that it violated any laws with respect to**

**Plaintiff.**

111.   At all times relevant herein, under Title VII and 42 U.S.C. § § 2000e-2(a), 2000e-3(a), Plaintiff had a right to employment with Defendant free from retaliation, discrimination or interference because he complained about and opposed violations of Title VII and from coercion, intimidation, threats, retaliation, discrimination, and/or interference on account of having aided or encouraged any other person in the exercise of any right granted or protected by Title VII.

**ANSWER: Defendants neither admit nor deny the allegations in Paragraph**

**111 as they state a legal conclusion to which no response is required.**

112.   Plaintiff engaged in activity protected by Title VII when he complained to Messrs. Endress that he had been wrongfully demoted and denied consideration for ADM manager and director roles, Messrs. Endress and Gabel that he had been wrongfully demoted and denied consideration for ADM manager roles for which Ms. Marwaha and Ms. Rissmeyer had been selected, and to Ms. Rissmeyer, Messrs. Endress and Gabel, and Defendant's human resources representatives that he had been wrongfully subjected to the PIP by Ms. Rissmeyer in disregard of Defendant's policies and that each of these adverse actions was indicative of discrimination against him because of his age and sex and retaliation against him for his complaints about discrimination based on his age and sex and his religious objections to and request for accommodation from Defendant's COVID 19 vaccine mandate.

**ANSWER: Defendants deny the allegations in Paragraph 112.**

113.   Although Plaintiff may not have expressly accused Ms. Rissmeyer or Messrs. Endress and Gabel of discrimination against him based on his age and sex and retaliation against him for his complaints about discrimination based on his age and sex and his religious objections to and request for accommodation from Defendant's COVID 19 vaccine mandate, Ms. Rissmeyer, Messrs. Endress and Gabel, and Defendant's human resources representatives had understood and reasonably should have understood from the context that Plaintiff had objected to these adverse employment actions because these had been indicative of such discrimination and retaliation against him since:

   a)   Ms. Rissmeyer, Messrs. Endress and Gabel, and/or Defendant's human resources representatives had made and/or participated in

the various decisions to demote Mr. Bolton, deny him consideration for ADM manager and director positions, and subject him to the PIP, among other employment actions that had adversely affected Plaintiff;

b)   Mr. Bolton is a man who was more than twenty years older than Ms. Rissmeyer and Mr. Gabel and substantial older than Mr. Endress;

c)   Ms. Rissmeyer, Messrs. Endress and Gabel, and Defendant's human resources representatives had notice of Mr. Bolton's previously asserted complaints about discrimination against him based on age and sex and retaliation against him because of his complaints about discrimination against him based on age and sex and religious objections to and request for accommodation from Defendant's COVID 19 vaccine mandate; and

d)   Ms. Rissmeyer, Messrs. Endress and Gabel, and Defendant's human resources representatives had anticipated that subjecting Plaintiff to the various employment actions that had adversely affected Plaintiff and the PIP would have precipitated his resignation or retirement.

**ANSWER: Defendants deny the allegations in Paragraph 113.**

114.   Defendant through its representatives illegally, maliciously, and wrongfully conspired with each other with the intent to and for the illegal purpose of retaliating against Plaintiff because of his protect opposition activity and depriving Plaintiff of his rights under the Title VII.

**ANSWER: Defendants deny the allegations in Paragraph 114.**

115.   Defendant through its representatives illegally, maliciously, and wrongfully conspired with each other with the intent to and for the illegal purpose of retaliating against Plaintiff because of his protect opposition activity and depriving Plaintiff of his rights under the Title VII when they:

a)   demoted him first to an ADM manager role and later to an ADM senior engineer role;

b)   refused to consider him for ADM director and manager roles for which employees who were between the ages of 30 and 35 were selected;

c)   refused to consider him for the ADM manger role for which Ms. Rissmeyer was selected in September, 2022;

d)      subjected Plaintiff to the PIP between February and August, 2023; and

e)      terminated Plaintiff's employment, effective August 11, 2023.

**ANSWER: Defendants deny the allegations in Paragraph 115.**

116.   The retaliatory practices at issue were intentional and willful and were committed with malice or with reckless indifference to Plaintiff's rights and sensibilities.

**ANSWER: Defendants deny the allegations in Paragraph 116.**

117.   As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has sustained damages, including, but not limited to, loss of past, present and future salary, bonuses, incentive compensation, and earning capacity; lost value of retirement benefits; loss of health care, retirement, 401(k), and other benefits; mental and emotional distress, anguish, and anxiety, humiliation and embarrassment; loss of the enjoyment of the ordinary pleasures of everyday life; and loss of the ability to pursue gainful employment of choice.

**ANSWER: Defendants deny the allegations in Paragraph 117.**

**COUNT V**
**VIOLATION OF THE ELCRA – AGE DISCRIMINATION**

118.   Plaintiff re-alleges and incorporates by reference each and every paragraph of this Complaint as if hereinafter reiterated paragraph by paragraph.

**ANSWER: Defendants incorporate by reference their answers to the preceding paragraphs as if set forth fully herein.**

119.   At all times relevant, Defendant was an "employer" of Plaintiff as this term is defined by section 20I(a) of the Michigan Elliott-Larsen Civil Rights Act, MCLA §§37.2101, et seq. ("ELCRA"). See MCL §37.2201(a).

**ANSWER: Cardinal Health, Inc. denies the allegations in Paragraph 119.**

**Answering further, Cardinal Health 110, LLC admits only that it employed**

36

Plaintiff for a period of time but denies that it violated any laws with respect to

Plaintiff.

120.   At all times relevant herein, under the ELCRA, Plaintiff had a right to employment with Defendant free from discrimination against him based on his age.

**ANSWER: Defendants neither admit nor deny the allegations in Paragraph**

**120 as they state a legal conclusion to which no response is required.**

121.   Defendant through its representatives illegally, maliciously, and wrongfully conspired with each other with the intent to and for the illegal purpose of discriminating against Plaintiff on account of his age and depriving Plaintiff of his rights under the ELCRA when they:
   a)   demoted him first to an ADM manager role and later to an ADM senior engineer role;
   b)   refused to consider him for ADM director and manager roles for which employees who were between the ages of 30 and 35 were selected;
   c)   refused to consider him for the ADM manger role for which Ms. Rissmeyer was selected in September, 2022;
   d)   subjected Plaintiff to the PIP between February and August, 2023; and
   e)   terminated Plaintiff's employment, effective August 11, 2023.

**ANSWER: Defendants deny the allegations in Paragraph 121.**

122.   The discriminatory practices at issue were intentional and willful and were committed with malice or with reckless indifference to Plaintiff's rights and sensibilities.

**ANSWER: Defendants deny the allegations in Paragraph 122.**

123.   As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has sustained damages, including, but not limited to, loss of past, present and future salary, bonuses, incentive compensation, and earning capacity; lost value of retirement benefits; loss of health care, retirement, 401(k), and other benefits; mental and emotional distress, anguish, and anxiety, humiliation and

embarrassment; loss of the enjoyment of the ordinary pleasures of everyday life; and loss of the ability to pursue gainful employment of choice.

**ANSWER: Defendants deny the allegations in Paragraph 123.**

## COUNT VI
## VIOLATION OF THE ELCRA – DISCRIMINATION BASED ON SEX

124.   Plaintiff re-alleges and incorporates by reference each and every paragraph of this Complaint as if hereinafter reiterated paragraph by paragraph.

**ANSWER:  Defendants incorporate by reference their answers to the preceding paragraphs as if set forth fully herein.**

125.   At all times relevant, Defendant was an "employer" of Plaintiff as this term is defined by section 201(a) of the Michigan Elliott-Larsen Civil Rights Act, MCLA §§37.2101, et seq. ("ELCRA"). See MCL §37.2201(a).

**ANSWER: Cardinal Health, Inc. denies the allegations in Paragraph 125. Answering further, Cardinal Health 110, LLC admits only that it employed Plaintiff for a period of time but denies that it violated any laws with respect to Plaintiff.**

126.   At all times relevant herein, under the ELCRA, Plaintiff had a right to employment with Defendant free from discrimination against him because of his sex.

**ANSWER: Defendants neither admit nor deny the allegations in Paragraph 126 as they state a legal conclusion to which no response is required.**

127.   Defendant through its representatives illegally, maliciously, and wrongfully conspired with each other with the intent to and for the illegal purpose of discriminating against Plaintiff because of his religion and sincerely held religious beliefs and depriving Plaintiff of her rights under the ELCRA when they:

       a)     demoted him first to an ADM manager role and later to an ADM senior engineer role;

b)   refused to consider him for ADM director and manager roles for which employees who were between the ages of 30 and 35 were selected;

c)   refused to consider him for the ADM manger role for which Ms. Rissmeyer was selected in September, 2022;

d)   subjected Plaintiff to the PIP between February and August, 2023; and

e)   terminated Plaintiff's employment, effective August 11, 2023.

**ANSWER:  Defendants deny the allegations in Paragraph 127.**

128.   The discriminatory practices at issue were intentional and willful and were committed with malice or with reckless indifference to Plaintiff's rights and sensibilities.

**ANSWER:  Defendants deny the allegations in Paragraph 128.**

129.   As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has sustained damages, including, but not limited to, loss of past, present and future salary, bonuses, incentive compensation, and earning capacity; lost value of retirement benefits; loss of health care, retirement, 401(k), and other benefits; mental and emotional distress, anguish, and anxiety, humiliation and embarrassment; loss of the enjoyment of the ordinary pleasures of everyday life; and loss of the ability to pursue gainful employment of choice.

**ANSWER: Defendants deny the allegations in Paragraph 129.**

### COUNT VII
### VIOLATION OF THE ELCRA – RETALIATION

130.   Plaintiff re-alleges and incorporates by reference each and every paragraph of this Complaint as if hereinafter reiterated paragraph by paragraph.

**ANSWER:  Defendants incorporate by reference their answers to the preceding**

**paragraphs as if set forth fully herein.**

131.   At all times relevant, Defendant was an "employer" of Plaintiff as this term is defined by section 201(a) of the Michigan Elliott-Larsen Civil Rights Act, MCLA §§37.2101, et seq. ("ELCRA"). See MCL §37.2201(a).

**ANSWER: Cardinal Health, Inc. denies the allegations in Paragraph 131.**

**Answering further, Cardinal Health 110, LLC admits only that it employed**

**Plaintiff for a period of time but denies that it violated any laws with respect to**

**Plaintiff.**

132. At all times relevant herein, under the ELCRA, Plaintiff had a right to employment with Defendant free from retaliation because he opposed discrimination against him and others based on age or other characteristics protected by ELCRA.

**ANSWER: Defendants neither admit nor deny the allegations in Paragraph**

**132 as they state a legal conclusion to which no response is required.**

133. Plaintiff engaged in activity protected by the ELCRA when he complained to Messrs. Endress that he had been wrongfully demoted and denied consideration for ADM manager and director roles, Messrs. Endress and Gabel that he had been wrongfully demoted and denied consideration for ADM manager roles for which Ms. Marwaha and Ms. Rissmeyer had been selected, and to Ms. Rissmeyer, Messrs. Endress and Gabel, and Defendant's human resources representatives that he had been wrongfully subjected to the PIP by Ms. Rissmeyer in disregard of Defendant's policies and that each of these adverse actions was indicative of discrimination against him because of his age and sex and retaliation against him for his complaints about discrimination based on his age and sex and his religious objections to and request for accommodation from Defendant's COVID 19 vaccine mandate.

**ANSWER: Defendants deny the allegations in Paragraph 133.**

134. Although Plaintiff may not have expressly accused Ms. Rissmeyer or Messrs. Endress and Gabel of discrimination against him based on his age and sex and retaliation against him for his complaints about discrimination based on his age and sex and his religious objections to and request for accommodation from Defendant's COVID 19 vaccine mandate, Ms. Rissmeyer, Messrs. Endress and Gabel, and Defendant's human resources representatives had understood and reasonably should have understood from the context that Plaintiff had objected to

these adverse employment actions because these had been indicative of such discrimination and retaliation against him since:

a)  Ms. Rissmeyer, Messrs. Endress and Gabel, and/or Defendant's human resources representatives had made and/or participated in the various decisions to demote Mr. Bolton, deny him consideration for ADM manager and director positions, and subject him to the PIP, among other employment actions that had adversely affected Plaintiff;

b)  Mr. Bolton is a man who was more than twenty years older than Ms. Rissmeyer and Mr. Gabel and substantial older than Mr. Endress;

c)  Ms. Rissmeyer, Messrs. Endress and Gabel, and Defendant's human resources representatives had notice of Mr. Bolton's previously asserted complaints about discrimination against him based on age and sex and retaliation against him because of his complaints about discrimination against him based on age and sex and religious objections to and request for accommodation from Defendant's COV1D 19 vaccine mandate; and

d)  Ms. Rissmeyer, Messrs. Endress and Gabel, and Defendant's human resources representatives had anticipated that subjecting Plaintiff to the various employment actions that had adversely affected Plaintiff and the PTP would have precipitated his resignation or retirement.

**ANSWER: Defendants deny the allegations in Paragraph 134.**

135.  Defendant through its representatives illegally, maliciously, and wrongfully conspired with each other with the intent to and for the illegal purpose of retaliating against Plaintiff because of his protect opposition activity and depriving Plaintiff of his rights under the ELCRA.

**ANSWER: Defendants deny the allegations in Paragraph 135.**

136.  Defendant through its representatives illegally, maliciously, and wrongfully conspired with each other with the intent to and for the illegal purpose of retaliating against Plaintiff because of his protect opposition activity and depriving Plaintiff of his rights under the ELCRA when they:

a)  demoted him first to an ADM manager role and later to an ADM senior engineer role;

      b)    refused to consider him for ADM director and manager roles for which employees who were between the ages of 30 and 35 were selected;

      c)    refused to consider him for the ADM manger role for which Ms. Rissmeyer was selected in September, 2022;

      d)    subjected Plaintiff to the PIP between February and August, 2023; and

      e)    terminated Plaintiff's employment, effective August 11, 2023.

**ANSWER:** **Defendants deny the allegations in Paragraph 136.**

137.   The retaliatory practices at issue were intentional and willful and were committed with malice or with reckless indifference to Plaintiff's rights and sensibilities.

**ANSWER:** **Defendants deny the allegations in Paragraph 137.**

138.   As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has sustained damages, including, but not limited to, loss of past, present and future salary, bonuses, incentive compensation, and earning capacity; lost value of retirement benefits; loss of health care, retirement, 401(k), and other benefits; mental and emotional distress, anguish, and anxiety, humiliation and embarrassment; loss of the enjoyment of the ordinary pleasures of everyday life; and loss of the ability to pursue gainful employment of choice.

**ANSWER:** **Defendants deny the allegations in Paragraph 138.**

## GENERAL DENIAL

Except as expressly admitted herein, Defendants expressly deny any

allegations in Plaintiff's Complaint which require a responsive pleading.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants submit the following as its affirmative and other defenses to the

allegations contained in Plaintiff's Complaint but do not assume the burden of proof

on any such defenses, except as required by applicable law for the particular defense asserted:

1.      All of part of Plaintiff's claims may be barred by his failure to state a claim upon which relief can be granted.

2.      All or part of Plaintiff's claims may be barred by his failure to exhaust his internal and external administrative remedies (including but not limited to a failure to file an administrative charge prior to making certain allegations in his Complaint) and his failure to otherwise meet the applicable jurisdictional requirements.

3.      Plaintiff's claims may be barred by the applicable statutory or contractual limitations periods.

4.      Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver, estoppel, and/or release.

5.      Any actions taken by Defendants in connection with Plaintiff were taken for legitimate, non-discriminatory, and non-retaliatory business reasons.

6.      Plaintiff's allegations are barred because Plaintiff did not provide Defendants with notice and the opportunity to investigate. Plaintiff's allegations are barred because Defendants exercised reasonable care to prevent and promptly correct any alleged discriminatory/harassing behavior, including but not limited to taking steps to prevent discrimination/harassment in the workplace, and taking

43

immediate and appropriate corrective action reasonably calculated to end any alleged unlawful employment practices.

7.      Plaintiff's alleged damages, if any, must be reduced, in whole or in part, to the extent discovery reveals he failed to take reasonable steps to mitigate his damages.

8.      Any claim for relief must be set off or reduced by wages, compensation, pay and benefits, or other earnings or remunerations, profits and benefits received by Plaintiff.

9.      To the extent discovery may disclose such information, Plaintiff's Complaint may be barred in whole or in part by the doctrine of after-acquired evidence, or such doctrine may limit or eliminate Plaintiff's alleged damages, or otherwise preclude his claims.

Defendants reserve the right to assert additional affirmative or other defenses as they become known through the course of discovery.

## <u>RELIANCE UPON JURY DEMAND</u>

Defendants, by and through their counsel, hereby rely upon Plaintiff's jury demand and demand for themselves a trial by jury on those claims that may be tried by a jury.  Defendants object to a jury trial on any claims that are not entitled to a jury trial.

**RELIEF REQUESTED**

Defendants respectfully request that this Court deny Plaintiff the relief requested, dismiss this Complaint in its entirety with prejudice, and award Defendants their costs and attorneys' fees incurred in defending this frivolous action, plus any other relief, legal or equitable, this Court deems appropriate.

Respectfully submitted,

JACKSON LEWIS P.C.

/s/ Katherine Van Dyke
Katherine Van Dyke (P62806)
Benjamin D. Wu (P85635)
2000 Town Center, Ste. 1650
Southfield, MI 48075
(248) 936-1900 (ofc)
katherine.vandyke@jacksonlewis.com
benjamin.wu@jacksonlewis.com
Dated:  July 2, 2025              Attorneys for Defendant

**CERTIFICATE OF SERVICE**

On this day July 2, 2025, the undersigned did cause to be filed the foregoing document with the Court using the CM/ECF system, which will send notice of its filing to all counsel of record.

/s/ Katherine Van Dyke
Katherine Van Dyke

4935-6332-8589, v. 3